Opinion issued December 5, 2023



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-23-00701-CV

———————————

**SAMURAI MARTIAL SPORTS INC., Appellant**

**V.**

**CRE PROPERTIES INC., Appellee**

---

**On Appeal from the County Civil Court at Law No. 4**
**Harris County, Texas**
**Trial Court Case No. 1204081**

---

## MEMORANDUM OPINION

Appellant, Samurai Martial Sports Inc., filed a notice of appeal from a September 19, 2023 trial court order setting a supersedeas bond in the amount of $19,000 per month to be paid by appellant "for the duration of the abatement" of the underlying trial court case. On October 27, 2023, appellee, CRE Properties, Inc.,

filed a "Motion to Dismiss for Lack of Jurisdiction," arguing that this Court lacks jurisdiction over appellant's appeal because the order being appealed is an interlocutory order.

We grant CRE's motion and dismiss the appeal for lack of jurisdiction.

The underlying trial court case arose out of a dispute regarding the January 3, 2023 foreclosure of property located at 12500 Oxford Park Drive, Houston, Texas 77077 (the "Property"). On or around January 19, 2023, CRE initiated a forcible detainer action in Justice of the Peace Court, Precinct 5, Place 1 of Harris County, asserting that, despite the foreclosure of the Property, appellant remained in wrongful possession of the Property. After a hearing on CRE's eviction proceeding, the justice court entered an eviction order on March 14, 2023, ordering that CRE was entitled to possession of the Property. However, the justice court further ordered that an "appeal bond [was] set at $1,000.00."

Also, on March 14, 2023, appellant appealed the justice court's order to the County Civil Court at Law No. 4 of Harris County (the "county court case"). The appellate record further reflects that on March 15, 2023, appellant paid the $1,000 appeal bond set by the justice court. After appealing the justice court's order of eviction, appellant also filed a separate lawsuit against CRE, among others, in the 165th District Court of Harris County (the "district court case"). In the district court case, appellant alleged that there was a title dispute related to the Property and that

the Property had been wrongfully foreclosed. Appellant brought claims for statutory fraud, wrongful foreclosure, suit to quiet title, and trespass to try title.

According to CRE's motion to dismiss, at a "hearing on the appeal from the eviction" in county court case, "the county court indicated that it would abate the [c]ounty [c]ourt [c]ase pending resolution of the [d]istrict [c]ourt [c]ase." On July 12, 2023, CRE filed a "Motion for Reconsideration and in the Alternative, Motion to Increase the Bond." In that motion, CRE asserted that an abatement of the county court case was unnecessary and the appeal from the eviction proceeding could proceed despite appellant's filing of the district court case.

Alternatively, if the county court remained "inclined to abate th[e] matter until the [d]istrict [c]ourt [c]ase [was] resolved," "CRE request[ed] an increase in the supersedeas bond" set by the justice court. Specifically, CRE requested an increased appeal bond in the amount of "12 months of rental value for the Property . . . to protect [CRE] from the damages incurred while [the county court case was] abated." CRE noted that the current trial setting in the district court case was May 13, 2024.

On July 13, 2023, appellant filed a response to CRE's "Motion for Reconsideration and in the Alternative, Motion to Increase the Bond," asserting that the county court properly abated the county court case and the county court should not increase the appeal bond. According to appellant, the county court "should not

second guess whether" the appeal bond set by the justice court "was accurate or [otherwise] disturb" that ruling.

On September 19, 2023, the county court entered an order setting an appeal bond in the amount of $19,000 per month "for the duration of the abatement" of the county court case, with the first payment to be due on October 1, 2023. On September 28, 2023, appellant filed a notice of appeal from the county court's September 19, 2023 order.

This Court generally has jurisdiction only over appeals from final judgments and specific interlocutory orders that the Legislature has designated as appealable orders. *See CMH Homes v. Perez*, 340 S.W.3d 444, 447–48 (Tex. 2011); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014. An order setting an appeal bond for the appeal of an eviction proceeding has not been specifically designated as an appealable interlocutory order. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014; *see also Reynolds v. Garcia*, No. 05-08-01453-CV, 2009 WL 765498, at *1 (Tex. App.—Dallas Mar. 25, 2009, no pet.) (mem. op.) (dismissing appeal of county court "order directing appellant to post the required appeal bond" in appeal from forcible detainer judgment of justice court to county court).

Because appellant has appealed from an interlocutory order and has not identified a statute—and we have found none—that would authorize an interlocutory appeal from the county court's September 19, 2023 order, we conclude that we lack

jurisdiction over the appeal. *See Reynolds*, 2009 WL 765498, at *1 ("An order requiring appellant to post an appeal bond to proceed with an appeal to a county court at law from the justice court is not a final judgment, nor is it an appealable interlocutory order.").

CRE filed its motion to dismiss the appeal for lack of jurisdiction on October 27, 2023. More than ten days have passed, and appellant has not filed a response to the motion. *See* TEX. R. APP. P. 10.3(a).

Accordingly, we grant CRE's motion, and dismiss the appeal for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f). All pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Justices Goodman, Countiss, and Farris.